UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re: )
 )
    JOHN CURRAN ) Case No. 09-16065-SSM
 ) Chapter 7
        Debtor )

**ORDER REOPENING CASE**

Upon consideration of the motion by Kathryn Prime to reopen the debtor's closed case, and for the reasons stated on the record at a hearing held on July 20, 2010, and briefly summarized in this order, the case will be reopened to permit the filing of a complaint to determine the dischargeability of Ms. Prime's unlisted debt. Under § 523(a)(3), Bankruptcy Code, the claim of an unlisted creditor is excepted from discharge in two instances. The first is if the creditor was not listed in time to file a timely proof of claim and did not have actual knowledge of the case in time to file a timely proof of claim. § 523(a)(3)(A), Bankruptcy Code. The second is if the creditor was not listed in time to file a timely complaint to determine the dischargeability of the debt and did not have actual knowledge in time to file a timely complaint. § 523(a)(3)(B), Bankruptcy Code. Since the debtor's case was noticed to creditors as a "no-asset" case and no bar date was ever set for filing proofs of claim, the debt is not excluded from discharge under § 523(a)(2)(A), even if the omission of the creditor was willful. *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380 (E.D. Va. 2003). If, however, the debt can be shown to fall within the type of debts excluded from discharge under § 523(a)(2), (4), or (6),

Bankruptcy Code,[1] and the creditor did not have knowledge of the case in time to file a timely nondischargeability complaint,[2] then the debt is not discharged. A determination of dischargeability, however, requires the filing of an adversary proceeding. Fed.R.Bankr.P. 7001. It is, accordingly,

**ORDERED:**

1. The debtor's case is reopened for the purpose of filing a complaint to determine the dischargeability of the movant's claim.

2. No trustee need be appointed in the reopened case.

3. Any complaint to determine the dischargeability of the movant's claim shall be filed within 30 days after the entry of this order.

4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
Alexandria, Virginia                  Stephen S. Mitchell
                                      United States Bankruptcy Judge

---

[1] These include debts for fraud, larceny, embezzlement, fiduciary defalcation, or willful and malicious injury.

[2] Such a complaint would have been due no later than 60 days after the first date set for the meeting of creditors, or October 30, 2009. § 523(c); Bankruptcy Code; Fed.R.Bankr.P. 4007(c).

Copies to:

David Ludwig, Esquire
Dunlap, Grubb & Weaver, PLLC
199 Liberty Street, SW
Leesburg, VA 20175
Counsel for Kathryn Prime

John Curran
1342 Sundial Drive
Reston, VA 20194
Debtor

Dawn C. Stewart, Esquire[3]
The Stewart Law Firm, PLLC
1050 Connecticut Ave. N.W.
Tenth Floor
Washington, DC 20036
Counsel for the debtor

---

[3] Ms. Stewart appeared and argued on behalf of the debtor at the hearing but has not yet entered a formal notice of appearance.